UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-14395-ALTMAN

**KEITH ROBERT DOHERTY**,

    *Plaintiff*,

v.

**MAJOR HAYZE**, *et al.*,

    *Defendants*.

_____/

## ORDER

Our Plaintiff, Keith Robert Doherty, has filed an amended civil rights complaint under 42 U.S.C. § 1983, seeking monetary and injunctive relief for (what he claims were) two excessive-force incidents at the St. Lucie County Jail. *See* Amended Complaint [ECF No. 5]. Having screened the Amended Complaint under the provisions of 28 U.S.C. § 1915A, we'll allow Doherty's excessive-force claims against Deputy Burrows and Sergeant Phillips to **PROCEED**, but we **DISMISS** all his other claims.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

## ANALYSIS

Doherty has divided his Amended Complaint into two counts, through which he names eight Defendants: St. Lucie County, Major Petri Hayze, Deputy Burrows, Sergeant Phillips, "Wellpath Medical Provider," Dr. John Doe, two Nurse Jane Does, and Adam Sterlace. *See* Amended Complaint at 13–14. In Count 1, Doherty alleges that, on August 30, 2023, Deputy Burrows "grabb[ed] him by the throat," "slam[med] him against the wall," and "threaten[ed] to kill" him. *Id.* ¶¶ 11–12. Doherty asserts that he "was in handcuffs and ankle shackles" when Deputy Burrows attacked him, and he says that Burrows was retaliating against him because Burrows's supervisor "reprimanded" Burrows for interfering with Doherty's "legal paperwork." *Id.* ¶¶ 11, 13. In Count 2, Doherty claims that Deputy Burrows, Sergeant Phillips, "and numerous other John Doe deputies" attacked him on November 28, 2023. *Id.* ¶ 18. Doherty avers that he "was handcuffed behind his back on his knees" and was "showing no resistance and [was] in complete compliance" when this second attack occurred. *Id.* ¶ 19. Doherty also alleges that "Dr. John Doe and 2 nurse Jane Does were present during the entire [second] assault and did not offer medical assistance," *id.* ¶ 23, and that Major Hayze refused to investigate the attack despite "multiple" requests, *id.* ¶ 29.

We'll start with Doherty's excessive-force claims against Deputy Burrows in Count 1 and Deputy Burrows and Sergeant Phillips in Count 2. Doherty is a pretrial detainee, *see id.* at 4, so his

claims fall under the rubric of the Fourteenth Amendment, *see Crocker v. Beatty*, 995 F.3d 1232, 1247 (11th Cir. 2021) ("[T]he Fourteenth Amendment has been interpreted to protect 'pretrial detainees' from excessive force."). To assert a Fourteenth Amendment excessive-force claim, Doherty "needn't prove an officer's subjective intent to harm but instead need show only that 'the force purposely or knowingly used against him was objectively unreasonable.'" *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 952 (11th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). The Eleventh Circuit has repeatedly held that, if a detainee is compliant and not resisting, "there is no longer a need for force," so "the continuing use of force is impermissible when a detainee is complying, has been forced to comply, or is clearly unable to comply." *Id.* at 953 (quoting *Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008)); *see also Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012) ("Under Skelly's version of events, there was no need for the use of force, much less for the amount of force used. Such a gratuitous use of [force] on a handcuffed and compliant pretrial detainee constitutes a violation of the Fourteenth Amendment's prohibition on the use of excessive force.").

Doherty has stated plausible excessive-force claims against these two Defendants. According to Doherty, Burrows "grabb[ed] him by the throat" and "slam[med] him against the wall" on August 30, 2023 (Count 1). Amended Complaint ¶ 11. Then, on November 28, 2023, Burrows and Phillips grabbed Doherty's wrist and lifted him up—which "crushed [Doherty's] fingers and fractur[ed] his left hand and wrist"—before slamming him onto the concrete floor (Count 2). *Id.* ¶¶ 22–23. Doherty also says that Phillips attempted to cover up the Defendants' November 28 use of force by "manipulating the surveillance cameras." *Id.* ¶ 22. In both instances, Doherty alleges that he was handcuffed, compliant, and not resisting in any way. *See id.* ¶¶ 11, 19. Since it's objectively unreasonable to use force against a pretrial detainee who is "complying, has been forced to comply, or is clearly unable to comply," *Piazza*, 923 F.3d at 952, Doherty's excessive-force claims against Burrows and Phillips may proceed.

But Doherty cannot maintain his claims against Doctor John Doe and the two sNurse Jane Doe. Doherty says that an unnamed doctor and two unnamed nurses "were present" on November 28, 2023, but "did not offer medical assistance," even though it "was clearly visible" that Doherty had suffered physical injuries. Amended Complaint ¶¶ 23–24. This *sounds* like a deliberate-indifference-to-serious-medical-needs claim, since Doherty is saying that these Defendants "intentionally deni[ed] or delay[ed] access to medical care[.]" *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (cleaned up). But "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Although a plaintiff isn't *always* required "to use a party's real name," he must still describe the unnamed defendant "with sufficient clarity" so that he or she can be identified by a process server. *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992); *see also Richardson*, 598 F.3d at 738 ("We have created a limited exception to [the fictious-party pleading] rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." (cleaned up)). Doherty has given us no details about Dr. John Doe or the two Nurse Jane Does—other than identifying their genders and saying that they "were present" on November 28, 2023. *See* Amended Complaint ¶¶ 23–24. Because this barebones description is insufficient to "identify the defendant[s] among the many [doctors and nurses] employed" at the St. Lucie County Jail, *Richardson*, 598 F.3d at 738, Doherty cannot sustain his deliberate-indifference claims against these three Defendants. We therefore **DISMISS** *without prejudice* Doherty's claim against Dr. John Doe and the two Nurse Jane Does. If Doherty can properly identify these Defendants, he may file an amended complaint against them. *See* FED. R. CIV. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires.").

We also dismiss Doherty's claim against Major Hayze—this time *with prejudice*. We previously told Doherty that he couldn't sue Hayze "on the basis of respondeat superior or vicarious liability." Order to Amend [ECF No. 4] at 6 (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

4

Instead, we explained, Doherty had to show "either that [Hayze] personally participated in the alleged unconstitutional conduct or that there is a causal connection between [Hayze's actions] and the alleged constitutional deprivation." *Ibid.* (cleaned up & quoting *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022)). In his Amended Complaint, Doherty relies on both theories of liability. *First*, he says that Major Hayze refused to review the November 28, 2023, incident—despite receiving "multiple" requests to do so. Amended Complaint ¶ 29. *Second*, he alleges that Hayze is a "de facto official policy maker" who fostered a "policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal and excessive use of force[.]" *Id.* ¶¶ 41–42. Neither argument is persuasive.

For starters, Hayze's failure to adequately review and respond to Doherty's grievances doesn't implicate the Constitution—and thus cannot support a proper § 1983 claim. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("Moreover, as various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure."); *see also, e.g.*, *Carter v. McCullen*, 2023 WL 6120616, at *3 (11th Cir. Sept. 19, 2023) ("As to Carter's claims that Assistant Warden McCullen failed to respond (or ensure a response) to the grievances . . . we conclude that Carter failed to state a claim because he didn't allege a deprivation of his constitutionally protected liberty interest.").

Doherty also hasn't asserted a viable supervisory-liability claim against Hayze. Doherty contends that Hayze has a "policy and custom" of tolerating "a pattern of illegal and excessive use of force[.]" Amended Complaint ¶ 42. In other words, Doherty is saying that Hayze implicitly "ratified" the unconstitutional conduct of his subordinates by intentionally failing to act against them when they deployed excessive force against detainees. *See Ingram v. Kubik*, 30 F.4th 1241, 1256 (11th Cir. 2022) ("And this Court has clearly established that 'a custom of allowing the use of excessive force provides the requisite fault, as a persistent failure to take disciplinary action against officers can give rise to the

5

inference that a supervisor has ratified conduct.'" (cleaned up & quoting *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985))). But, to prevail on a "ratification theory," Doherty must still show that he was injured because of "*a policy* that cause[d] [Hayze's] subordinates to believe that they [could] permissibly violate another's constitutional rights." *Ibid.* (emphasis added); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988) (plurality opinion) ("It would also be a different matter if a series of decisions by a subordinate official manifested a 'custom or usage' of which the supervisor must have been aware. . . . [T]he supervisor could realistically be deemed to have adopted a policy that happened to have been formulated or initiated by a lower-ranking official."). And "random acts or isolated incidents are insufficient to establish a custom or policy." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986).

Doherty doesn't allege any such policy or custom here. His only "proof" of such a policy are his own two assaults over a four-month span. As the Eleventh Circuit has explained, however, "random acts or isolated incidents are insufficient to establish a custom or policy." *Ibid.*; *see also Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("A *pattern* of similar constitutional violations is ordinarily necessary [to impose liability]." (emphasis added & cleaned up)); *cf. Whitaker v. Miami-Dade Cnty.*, 126 F. Supp. 3d 1313, 1321 (S.D. Fla. 2015) (Lenard, J.) (holding that "four shootings . . . [in] a nine-month span" was insufficient proof that Miami-Dade County had a policy or custom of allowing excessive force). Because Doherty has failed (for a second time) to show a "causal connection" between his injuries and Major Hayze's conduct, we **DISMISS** the claim against Hayze *with prejudice*. In doing so, we find that any future amendment of this claim would be "futile." *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); *see also Lebron v. Johns*, 2023 WL 7182230, at *3 (S.D. Fla. Nov. 1, 2023) (Ruiz, J.) ("A *pro se* plaintiff typically 'must be given at least one chance to amend his complaint' before it is dismissed, but there is no need to give

6

*pro se* parties additional opportunities to amend when further amendment would be futile—such as when 'after being put on notice of the specific defects in his complaint, Plaintiff filed an amended complaint afflicted with the same defects.'" (cleaned up) (first quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991); and then quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018))). This is now the second time we've dismissed Doherty's claim against Major Hayze. Given that we told him specifically how to cure the defects in this claim the last time around, we don't think Doherty can do much better than he's done here.

Finally, we dismiss *with prejudice* Doherty's remaining claims against the other Defendants (St. Lucie County, Wellpath, and Adam Sterlace) for two reasons. *First*, Doherty doesn't advance a single allegation against any of these Defendants in his Amended Complaint. *See generally* Amended Complaint. Since he's thus failed to meet his burden of adducing "enough facts to state a claim to relief that is plausible on its face," we dismiss his claims against them. *Twombly*, 550 U.S. at 570; *see also Arnold v. McFall*, 839 F. Supp. 2d 1281, 1287 (S.D. Fla. 2011) (Middlebrooks, J.) (dismissing claim where the plaintiff "fail[ed] to allege any facts to support his allegation"). *Second*, these three Defendants are either municipalities or supervisory officials or entities. As we've explained, to state a viable claim against a municipality or supervisory official, Doherty must allege the existence of a "policy or custom that caused his injury." Order to Amend at 6 (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)). And, as we've said, Doherty cannot establish an unconstitutional policy or custom by relying only on the two attacks Burrows and Phillips perpetrated against him. We therefore **DISMSS** *with prejudice* Doherty's claims against St. Lucie County, Wellpath, and Sterlace. *See Weaver*, 169 F.3d at 1320; *Lebron*, 2023 WL 7182230, at *3.[1]

---

[1] This is now the second time we've dismissed *with prejudice* Doherty's claim against St. Lucie County for failure to allege an illegal policy or custom. *See* Order to Amend at 7 ("Since Doherty fails to state a claim against . . . St. Lucie County—and because any further 'amendment . . . would be futile,'—we **DISMISS** with prejudice Dohbery's claim[ ] against [St. Lucie County]." (cleaned up & quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001))).

7

\*     \*     \*

Having screened the Complaint under the provisions of § 1915A, we hereby **ORDER AND ADJUDGE** as follows:

1. Count 1 of Doherty's Amended Complaint [ECF No. 5] shall **PROCEED** against Deputy Burrows. Count 2 of the Amended Complaint shall **PROCEED** against Deputy Burrows and Sergeant Phillips.

2. Doherty's claims against Dr. John Doe and the two Nurse Jane Does are **DISMISSED without prejudice**.

3. Doherty's remaining claims are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). The Clerk shall **TERMINATE** St. Lucie County, Major Hayze, Wellpath, Dr. John Doe, the two Nurse Jane Does, and Adam Sterlace from this action.

4. The Plaintiff's amended motion to proceed *in forma pauperis* [ECF No. 6] is **GRANTED**. The Plaintiff shall owe the United States $350.00, which the Plaintiff must pay to the Clerk of Court as funds become available. To effectuate those payments, the agency with custody over the Plaintiff must forward these payments from the Plaintiff's prisoner account to the Clerk of Court anytime the account balance exceeds $10.00. That agency shall continue to make these payments until the Plaintiff has paid the filing fees in full. The Clerk **SHALL** send a copy of this Order to the St. Lucie County Jail's Inmate Trust Fund Department and this Court's Financial Department.

5. We will direct the U.S. Marshals Service to serve the appropriate Defendants in a separate order. *See* FED. R. CIV. P. 4(c)(3).

6. This case shall remain **CLOSED**. Any party may move to reopen the case once **all remaining Defendants** have been served.

**DONE AND ORDERED** in the Southern District of Florida on January 23, 2024.

                                          **ROY K. ALTMAN**
                                          **UNITED STATES DISTRICT JUDGE**

cc:    Keith Robert Doherty, *pro se*

        St. Lucie County Jail
        Inmate Trust Fund Department
        900 North Rock Road
        Fort Pierce, FL 34945

        Financial Department,
        United States District Court, Southern District of Florida