UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-14395-ALTMAN

**KEITH ROBERT DOHERTY**,

 *Plaintiff*,

*v.*

**DEPUTY BORROW and
SERGEANT PHILLIPS**,

 *Defendants*.

_____/

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

On October 30, 2024, the Defendants filed a Motion for Sanctions, asking us to sanction the Plaintiff, Keith Robert Doherty, under Federal Rule of Civil Procedure 37(b) by "dismissing this action with prejudice[.]" Motion for Sanctions [ECF No. 89] at 10. The Defendants insist that "lesser sanctions will not suffice" because of Doherty's supposed "failure to properly engage in discovery and comply with this Court's Orders [and his] pattern of disrespectful and harassing behavior[.]" *Id.* at 13 (cleaned up). We referred the Motion to U.S. Magistrate Judge Bruce E. Reinhart, who issued a Report and Recommendation ("R&R) [ECF No. 107] on December 11, 2024. In that R&R, Magistrate Judge Reinhart suggested that we deny the Motion because "the record . . . does not reflect that Mr. Doherty acted willfully, intentionally, or 'in flagrant bad faith' for purposes of Rule 37," and because the underlying discovery dispute had been resolved. R&R at 4 (quoting *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641 (1976)). On December 19, 2024, the Defendants told us "that they do not object" to the R&R. Notice [ECF No. 108] at 1.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 107] is **ACCEPTED and ADOPTED** in full.

2. The Defendants' Motion for Sanctions [ECF No. 89] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on December 20, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Keith Robert Doherty, *pro se*
      counsel of record