UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-14395-ALTMAN

**KEITH ROBERT DOHERTY**,

    *Plaintiff*,

*v.*

**DEPUTY BORROW and
SERGEANT PHILLIPS**,

    *Defendants*.

_____/

## ORDER

Our Defendants, Deputy Mark Borrow and Sergeant Mark Phillips, have asked us to dismiss the Plaintiff's Amended Complaint. *See* Motion to Dismiss with Prejudice ("Motion") [ECF No. 110]. The Motion alleges that Doherty's deposition unraveled the threads of his "extensive litigation history[.]" *Id.* at 5. In the Motion, the Defendants argue that Doherty "misrepresented" this history in his civil-rights complaint and "made additional false statements . . . during his deposition." *Id.* at 7. For these two reasons, they insist that Doherty has "engage[d] in bad faith litigation tactics" and "abuse[d] the judicial process," which they believe requires dismissal of this case "*with* prejudice." *Id.* at 6–7 (emphasis added). The Motion has been fully briefed and is ripe for adjudication. *See* Plaintiff's Response to Motion to Dismiss ("Response") [ECF No. 117]; Reply in Support of Motion ("Reply") [ECF No. 121].

After careful review, we **DENY** the Defendants' Motion because it asks us only to dismiss the case *with* prejudice—and because a with-prejudice dismissal would be inappropriate in the circumstances of this case.

## THE FACTS

On December 6, 2023, Doherty filed an Emergency Petition for Declaratory and Injunctive Relief and Writ of Mandamus.[1] *See* Petition [ECF No. 1]. We screened Doherty's Petition and ordered him to "file an amended complaint." Order Screening Compl. [ECF No. 4] at 8. On January 3, 2024, Doherty filed an Amended Complaint on our court-approved civil-rights complaint form. *See* Am. Compl. [ECF No. 5]. As relevant here, the complaint form asked Doherty: "Have you filed other lawsuits in state or federal court otherwise relating to conditions of your imprisonment?" *Id.* at 9. In response, Doherty hand-wrote "N/A" and checked the box for "No." *Id.* at 9–10. We then screened his Amended Complaint and found that Doherty had alleged some "plausible excessive-force claims against" the Defendants. Order Screening Am. Compl. [ECF No. 7] at 3.

Since then, Doherty's civil action has been anything but civil. *See* Plaintiff's Motion to Compel and Sanctions [ECF No. 39] at 6 (accusing the Defendants of "malicious spoliation" of evidence); Plaintiff's Motion for Sanctions [ECF No. 46] at 1 ("[The] Plaintiff has proof beyond a reasonable doubt that [the Defendants' lawyer] Andrew Jolly has deliberately spoliated evidence required in the discovery demands[,] and [his] objections are done in bad faith[.]" (cleaned up)); Defendants' Motion for Sanctions [ECF No. 89] at 12 ("[Doherty] has failed to fully comply with multiple Court orders, has failed to comply with discovery, and has failed to comply with the Federal Rules of Civil Procedure, all the while filing frivolous and baseless motions and exhibiting rude, harassing, and disrespectful behavior towards the Court, undersigned, and the Defendants. All of which warrants sanctions and action from the Court.").

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is considered filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). Absent evidence to the contrary, we assume that "a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (cleaned up).

On November 18, 2024, U.S. Magistrate Judge Bruce E. Reinhart convened the parties to resolve their disputes at an in-person status conference. *See* Minute Entry [ECF No. 95]. When the Defendants' lawyer finally took Doherty's deposition, *see* Motion at 3, Doherty revealed that he was the "plaintiff" in two New York-based lawsuits, *see* Deposition of Keith Doherty ("Doherty Dep. Tr.") [ECF No. 110-2] at 3. Specifically, Doherty said that he had sued Suffolk County, in New York, after he was "assaulted by inmates" at the Suffolk County Jail, and that his case was "currently pending" in the Eastern District of New York. *Id.* at 6–7. But Doherty refused to answer any more of opposing counsel's questions on this issue, insisting that he "was told" by his attorney "not to talk about anything [having] to do with that case." *Id.* at 8. The Defendants later learned, however, that Doherty's supposed "attorney" had already been "relieved" from representing him in that proceeding. Minute Order, *Doherty v. Suffolk Cnty. Jail*, No. 14-cv-02933 (E.D.N.Y. Oct. 18, 2024) (Block, J.), ECF No. 132. The Defendants then *also* realized that Doherty hadn't disclosed this New York lawsuit—or any of his other lawsuits—in his civil-rights complaint form. *See generally* Am. Compl.

The Defendants therefore filed this Motion, asking us to dismiss this case "with prejudice" because of Doherty's "affirmative misrepresentations" during his deposition and in his Amended Complaint. Motion at 1. After Doherty filed his Response [ECF No. 117] and a Supplemental Response [ECF No. 123], the Defendants submitted their Reply [ECF No. 121], attaching additional examples of Doherty's misconduct, including an email Doherty sent to defense counsel, accusing him of "intentionally presenting false information to the [C]ourt to delay or obstruct the legal process" and "attempting to influence or intimidate witnesses." Doherty Email to Defense Counsel ("Doherty Email") [ECF No. 121-3] at 1.

## THE LAW

When a court authorizes a plaintiff to proceed *in forma pauperis*, that plaintiff must comply with the strictures of 28 U.S.C. § 1915(a)(1). In such cases, the court must "dismiss [a] case at any time" if

3

it determines that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, C.J.) (cleaned up).

The Court must construe *pro se* pleadings liberally, but "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (cleaned up). In fact, courts may dismiss a plaintiff's complaint, *pro se* or otherwise, for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se.").

## ANALYSIS

The Defendants advance two arguments. *First*, they contend that Doherty deliberately omitted his "previously filed lawsuits" from his civil-rights complaint. Motion at 6. In their view, this omission

4

makes this whole lawsuit "malicious" within the meaning of 28 U.S.C. § 1915(e).[2] *Id.* at 5–6. *Second*, they claim that Doherty lied "under oath" and "refuse[d] to answer questions about other pending litigation" during his deposition. *Id.* at 6. This misconduct, the Defendants say, "taken in conjunction" with Doherty's omissions, establishes Doherty's "bad faith" and "deliberate intention to mislead and obstruct." *Ibid.* For these two reasons, then, the Defendants believe that the "Amended Complaint should be dismissed *with* prejudice." *Id.* at 7 (emphasis added).

Before we analyze Doherty's conduct, we need to clarify what a party must show before a federal court can dismiss a case *with*—as opposed to *without*—prejudice under 28 U.S.C. § 1915(e)(2)(B). Under the Prison Litigation Reform Act ("PLRA"), "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i) (cleaned up). A "malicious" lawsuit is one that constitutes an "abuse of the judicial process." *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008). The Eleventh Circuit has emphasized, however, that courts should *generally* dismiss malicious lawsuits only "without prejudice." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). That's because a dismissal *with* prejudice under § 1915 "is an extreme sanction to be exercised only in appropriate cases." *Young v. Sec'y Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010). To dismiss a malicious case *with* prejudice, the district court must find "*both* that there is a clear record of delay or willful misconduct *and* that lesser sanctions are inadequate." *Adams v. Todd*, 2024 WL 4449453, at *2 (11th Cir. Oct. 9, 2024) (emphases added); *see also Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that a "[d]ismissal with prejudice is a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice"). This is also the standard that governs a court's with-prejudice

---

[2] The Defendants raise the same argument under "28 U.S.C. § 1915A"—the provision that governs our screening of civil actions filed by prisoners. Motion at 4. But that statute only applies to our review of a complaint "upon filing." 28 U.S.C. § 1915A(a). Since we're well past the screening stage of this case, we'll only address the Defendants' arguments under 28 U.S.C. § 1915—the *in forma pauperis* statute.

5

dismissal of a case when the plaintiff has failed "to comply" with a court order. FED. R. CIV. P. 41(b); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("Dismissal with prejudice is not proper [under Rule 41(b)] unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." (cleaned up)). With this standard in mind, we'll address (and reject) the Defendants' two arguments for dismissal.

## I. Doherty's Deposition

During his deposition, Doherty disclosed "for the first time" that he had some "pending federal litigation" in New York. Motion at 6. When opposing counsel asked Doherty about this New York case, Doherty "refused to answer any substantive questions" because (he said) that's what his lawyer "instructed" him to do. *Ibid.* But the Defendants later learned that Doherty "had no representation in that case and was in fact representing himself." *Id.* at 3. The Defendants say that Doherty's conduct "further demonstrates [his] intent to mislead and engage in bad faith litigation tactics." *Ibid.* (cleaned up).

For two reasons, we don't think Doherty's deposition testimony warrants the drastic remedy of dismissal with prejudice. *First*, Doherty directed his misstatements at the Defendants—*not* us. And courts generally agree that "[n]either perjury nor the proffering of misrepresentations to the *opposing* party" justify dismissal. *Bassett v. Wal-Mart Stores E., LP*, 2019 WL 4691824, at *1 (S.D. Fla. July 10, 2019) (Altman, J.) (emphasis added); *see also id.* at *2 ("Chicanery—even deceit between the parties—will thus rarely rise to the level of iniquity required to dismiss a complaint for fraud on the court."); *Bryant v. Troutman*, 2006 WL 1640484, at *2 (M.D. Fla. June 8, 2006) (Covington, J.) (finding that "lying under oath," "giving misleading answers under oath," thwarting discovery efforts, and "concealing the existence" of prior injuries did not constitute fraud on the court); *McCarthy v. Am. Airlines, Inc.*, 2008 WL 2517129, at *2 (S.D. Fla. June 23, 2008) (Cohn, J.) (explaining that the plaintiff's failure to disclose his prior injuries and the names of all his prior treating physicians in discovery did not warrant the

6

"extreme sanction of dismissal"). And this rule makes sense. Misstatements like Doherty's are *precisely* the kind of thing we can "necessarily expect to be exposed by the normal adversary process." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551–52 (11th Cir. 1985) (cleaned up). Since Doherty didn't lie to *us* during his deposition, his statements don't justify dismissal under § 1915.

*Second*, the Defendants haven't offered us anything short of the extreme sanction of dismissal as an alternative remedy in this case—nor have they even tried to explain why any such lesser sanction would be inadequate. And, as we've said, the Eleventh Circuit has been clear that, to dismiss a "malicious" case *with* prejudice, the district court must find "*both* that there is a clear record of delay or willful misconduct *and* that lesser sanctions are inadequate." *Adams*, 2024 WL 4449453, at *2 (emphases added); *see also Justice*, 6 F.3d at 1482 n.15 (noting that a "[d]ismissal with prejudice is a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice").

We therefore reject the Defendants' first argument for dismissal.

## II.     Doherty's Complaint

Of course, that's not the end of our story because, as the Defendants emphasize, Doherty may well have lied to *us* when he failed to disclose his "prior civil actions" on his complaint form. Motion at 5. When Doherty was asked on the form whether he had "filed other lawsuits" relating to prison conditions, Doherty *both* answered "N/A" *and* checked "No." Am. Compl. at 9–10. His decision to conceal the truth twice, the Defendants say, should make us "certain that . . . it was done in bad faith." Motion at 5. Although Doherty admits that he omitted certain aspects of his litigation history from his complaint form, he claims that his "inadvertence" was the result of the "extreme stress" he was under when he prepared (and filed) his Amended Complaint. Response at 3. Doherty also explains that he "construed the [f]orm to read that it was referring to the [f]acts of the existing complaint," and that he answered all the other questions truthfully. *Id.* at 4 (cleaned up).

7

The question we must answer today, then, is whether Doherty's actions constitute "a clear record of delay or willful misconduct." *Adams*, 2024 WL 4449453, at *2. And, unfortunately for the Defendants, the Eleventh Circuit has strongly suggested that a prisoner who misrepresents his litigation history on a complaint form hasn't engaged in willful misconduct. In *Hines v. Thomas*, for example, the prisoner-plaintiff failed to list "all of his prior [civil-rights] cases in his amended complaint," because of which the district court dismissed his case as "malicious" under § 1915(e). 604 F. App'x 796, 800 (11th Cir. 2015) (cleaned up). The Eleventh Circuit reversed, holding "that the district court abused its discretion in dismissing [the] case" because "it [was] not apparent that [the plaintiff]'s failure to list his prior cases was an attempt to avoid a [28 U.S.C.] § 1915(g) three-strikes dismissal." *Id.* at 801 (cleaned up). Indeed, although the dismissal in *Hines* was *without* prejudice, the Circuit found that it "was tantamount to a dismissal *with prejudice*" because it "preclud[ed] the plaintiff from re-filing his claim due to the running of the statute of limitations[.]" *Id.* at 800 (emphasis added & cleaned up).

The court came to a similar result in *Adams*. There, the Circuit reversed a district court's order dismissing a prisoner's complaint with prejudice for "filling out his litigation history incompletely." 2024 WL 4449453, at *7. As in *Hines*, the *Adams* Court explained that the plaintiff hadn't accumulated "three strikes" under § 1915(g), so there was "little reason to believe that [he] intentionally omitted his litigation history in order to avoid [his] case being dismissed" under that rule. *Ibid.* (cleaned up). The Circuit also found it significant that the plaintiff in *Adams* didn't "have a history of failing to disclose his litigation history," either. *Id.* at 6.

For four reasons, our case is just the same. *First*, as in *Adams*, no court has determined that Doherty intentionally omitted his litigation history before. His prior civil cases (it's true) have been dismissed for various reasons, but none because they were malicious. *See* Order, *Doherty v. St. Lucie Cnty.*, No. 20-cv-14067 (S.D. Fla. May 20, 2020) (Rosenberg, J.), ECF No. 10 at 1 (dismissing

8

Doherty's complaint "for failure to comply with a court order or the Federal Rules" (citation omitted)); Order, *Doherty v. Suffolk Cnty.*, No. 13-cv-04272 (E.D.N.Y. Feb. 14, 2014) (Bianco, J.), ECF No. 11 at 4 ("This case is dismissed with prejudice . . . pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."); *Doherty v. St. Lucie Cnty.*, No. 22-cv-14287 (S.D. Fla. Aug. 17, 2022) (Middlebrooks, J.), ECF No. 4 at 1 (dismissing Doherty's complaint "for failure to state a claim upon which relief can be granted"); *Doherty v. Nassau Cnty. Sup. Ct.*, No. 13-cv-04273 (E.D.N.Y. Nov. 4, 2013) (Bianco, J.), ECF No. 7 at 1 (dismissing Doherty's complaint for "seeking monetary relief against a defendant who is immune from such relief"); *Doherty v. Suffolk Cnty. Div. Env't Quality*, No. 13-cv-06782 (E.D.N.Y. Dec. 30, 2013) (Bianco, J.), ECF No. 15 at 7 (dismissing Doherty's complaint "for lack of subject matter jurisdiction").

*Second*, Doherty isn't a three-striker under § 1915. Like the plaintiffs in *Hines* and *Adams*, then, he "had nothing to gain" from omitting his prior cases.[3] *Adams*, 2024 WL 4449453, at *7. And Doherty didn't believe that he was subject to that rule. *See* Response at 4 ("[Doherty] believed he does not fall under [28 U.S.C. § 1915(g)] for the reason he has not filed frivolous lawsuits ever[.]" (cleaned up)).

---

[3] The "three-strikes" provision of 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Doherty has only accumulated *two* strikes because only two of the prior civil actions he filed while incarcerated were dismissed—one for failure to state a claim, the other for seeking monetary relief from an immune defendant. *See* Order, *Doherty v. Nassau Cnty. Sup. Ct.*, No. 13-cv-04273 (E.D.N.Y. Nov. 4, 2013) (Bianco, J.), ECF No. 7 at 1 ("[T]he Court concludes that [Doherty] seeks monetary relief against a defendant who is immune from such relief. Thus, [his] complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)." (cleaned up)); Order Dismissing Civil-Rights Complaint, *Doherty v. St. Lucie Cnty.*, No. 22-cv-14287 (S.D. Fla. Aug. 17, 2022) (Middlebrooks, J.), ECF No. 4 at 1 ("[T]he Complaint is dismissed for failure to state a claim upon which relief can be granted.").

*Third*, in his Response, Doherty admits his "inadvertence and mistake"—and, while his explanations make little sense, he's (at least) admitted his mistake and recognized the existence of his other civil cases. *Ibid. Fourth*, even if Doherty's omissions *were* willful, the Defendants haven't told us why some lesser sanction would be insufficient.[4] For all these reasons, we deny the Defendants' request to dismiss this case with prejudice.[5]

\*\*\*

We therefore **ORDER AND ADJUDGE** that the Defendants' Motion to Dismiss with Prejudice [ECF No. 110] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on February 11, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Keith Robert Doherty, *pro se*
       counsel of record

---

[4] In their Reply, the Defendants argue that Doherty's Response is yet another example of his repeated "false representations to this Court." Reply at 9. In saying so, the Defendants mostly challenge the Response's "version of the allegations [Doherty] has previously asserted" and Doherty's characterization of his own litigation history. *Id.* at 4–5. We did notice one thing: Doherty explained that his "open case" in New York "was not filed while incarcerated," but he strangely adds that "the facts" occurred while he was incarcerated. Response at 4. As the Defendants point out, Doherty's complaint in that case belies this puzzling explanation. *See* Complaint, *Doherty v. Suffolk Cnty. Jail*, No. 14-cv-02933-FB (E.D.N.Y. May 6, 2014), ECF No. 1 at 2 (noting that his "place of present confinement" was the "Suffolk [County] Jail" (cleaned up)). But, even if this constituted willful misconduct, we cannot dismiss this case *with* prejudice because the Defendants haven't explained why any lesser sanction would be inappropriate. Doherty would be wise, however, to avoid such distortions in all future communications with the Court—and we *won't* hesitate to sanction him if he ignores this warning.

[5] While we *could* have considered imposing milder sanctions—for instance, a dismissal *without* prejudice—we don't *have* to do that because the Defendants never asked for any lesser sanction. As we've said in other cases, "[n]othing in the Federal Rules requires the judge to save a party from the extreme positions its lawyers have chosen to take in litigation." *Mad Room, LLC v. City of Miami*, 2023 WL 4571157, at \*6 (S.D. Fla. July 18, 2023) (Altman, J.).