UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO: 23-CV-14395-RKA


KEITH ROBERT DOHERTY,

                Plaintiff,

vs.

DEPUTY BORROW, *et al*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO TAX COSTS (AND MEMORANDUM OF LAW) [ECF No. 183]

Defendants Mark Borrows and Mark Phillips (the "Remaining Defendants"), in their individual capacities, move for an award of $4,708.47 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1) against *pro se* Plaintiff Keith Doherty. ECF No. 183 at 1 ("the Motion"). For the following reasons, the Motion should be GRANTED in part and DENIED in part.

### I.     PROCEDURAL HISTORY

On December 12, 2023, Mr. Doherty filed a Complaint alleging violations of 8 U.S.C. § 43; 28 U.S.C. § 1343; and the 4th, 5th, 8th, and 14th Constitutional Amendments. ECF No. 1. The Complaint was dismissed without prejudice, and he filed an Amended Complaint against multiple Defendants, including the Remaining Defendants. *See* ECF Nos. 4, 5, 11.

The Remaining Defendants filed a Motion to Dismiss. ECF No. 110. In the Motion to Dismiss, the Remaining Defendants alerted the Court that Mr. Doherty made an error in his Amended Complaint: he said that he did not have litigation history. ECF No. 110 ¶4-6.

After being notified of the issue, the Court entered an Order to Show Cause why the case should not be dismissed without prejudice for concerns about Mr. Doherty's failure to disclose his litigation history. ECF Nos. 130, 131. After briefing, the matter was referred to me for a Report and Recommendation and an evidentiary hearing. ECF Nos. 134, 135, 136, 137, 138, 139, 140, 149, 150.

I held an evidentiary hearing on July 7, 2025. ECF No. 155. Mr. Doherty failed to appear and left an *ex parte* voicemail explaining why he could not appear. ECF No. 156. I entered an Order requiring Mr. Doherty to provide documentation explaining why he could not appear at the hearing, but Mr. Doherty did not timely respond. ECF Nos. 156, 157, 158. Subsequently, he filed an appeal that was dismissed for want of prosecution. ECF No. 162, 168, 169.

Then, the case was referred to me for an Amended Report and Recommendation about whether the matter should be dismissed with or without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) or, in the alternative, for his failure to comply with the Court's Orders. ECF No. 170 at 3. I recommended that the case be dismissed with prejudice, and Judge Altman accepted and adopted the Report and Recommendation in full. ECF No. 175, 182.

2

On February 4, 2026, the Remaining Defendants filed the Motion. ECF No. 183. Mr. Doherty filed an appeal of Judge Altman's order accepting and adopting my Report and Recommendation. ECF No. 184. Judge Altman then entered the following Order:

> The Defendants filed a 183 Motion to Tax Costs. That motion was sent to Doherty's e-mail address at keithdoherty5@gmail.com. *See* Motion to Tax Costs [ECF No. 183] at 4. Doherty hasn't responded, so the motion would be ripe for decision—except we think that Doherty hasn't received notice of the motion at all. *See generally* Docket. That's because when he filed his 184 Notice of Appeal, Doherty revealed to us that he'd returned to state prison after we dismissed this case. *See* Notice of Appeal [ECF No. 184] at 1 ("I am an inmate confined to an institution today . . . [and] I am depositing the Notice of Appeal . . . in the Institution's internal mail system[.]").
>
> So, here's what we'll do: *First*, we **ORDER** the Defendants to mail a copy of their 183 Motion to Tax Costs to Doherty's current address by **March 11, 2026.** *Second*, by that date, the Defendants must certify their attempts to confer with Doherty in good faith as required by Local Rule 7.1(a)(3)—or else we'll strike their motion. *Third*, Doherty will have until **March 25, 2026**, to respond to the motion. *See* S.D. Fla. 7.1(c)(1) (requiring parties to "file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion"). If Doherty doesn't timely respond, we'll find that he's unopposed to any award of costs. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) ("Because the objection [to the Clerk's taxation of costs] was untimely, the district court did not abuse its discretion in failing to address the objection on the merits."). Signed by Judge Roy K. Altman on 3/9/2026. (gan) (Entered: 03/09/2026)

ECF No. 187. The Remaining Defendants complied. ECF No. 188. Mr. Doherty did not file a response. Thus, the Motion is now ripe.

## II.   LEGAL BACKGROUND

### A.  *Prevailing Party*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). There is no prevailing party unless there has been a "material alteration of the legal relationship of the parties." *Tex. State Tchr. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).

A plaintiff has materially altered the legal relationship between the parties if it "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" *Id.* at 792-93 (citation omitted) (bracket in original). A defendant prevails "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *see also Beach Blitz Co. v. City of Mia. Beach, Fla.*, 13 F.4th 1289, 1298-99 (11th Cir. 2021) (involuntary dismissal for failure to state a claim was sufficient to make defendant a prevailing party). A party who gets an enforceable judgment is a "prevailing party" because it "has received at least some relief based upon the merits of a claim." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

### B.  *Recoverable Costs*

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Such presumption, however, is not without limits and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987)).

Title 28, United States Code, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920 provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920." *See EEOC,* 213 F.3d at 620; *Crawford Fitting Co.,* 482 U.S. at 445. In the exercise of sound discretion, the Court receives great latitude in ascertaining taxable costs. *See EEOC,* 213 F.3d at 621. Even if the costs motion is unopposed, the Court has an independent obligation to ensure the costs awarded are proper. *ACLU v. Barnes*, 168 F.3d 423, 428

(11th Cir. 1999) ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

    1.  <u>Transcripts</u>

"The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were 'necessarily obtained for use in the case.'" *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *5 (S.D. Fla. Aug. 20, 2014) (quoting *EEOC,* 213 F.3d at 620-21). "In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken." *Id.*

"[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success." *Monelus v. Tocodrian, Inc.*, 609 F. Supp 2d 1328, 1337 (S.D. Fla. 2009) (citation omitted). "Although the use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable." *Kaplan v. Nautilus Ins. Co.*, No. 17-cv-24453, 2020 WL 9458649, at *3 (S.D. Fla. Aug. 11, 2020) (citing *see Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012)). "[E]ven where a deposition is not ultimately used as part of a prevailing party's case, [the Eleventh Circuit has] held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case [when taken]." *Id.* (quoting *Watson*, 492 F. App'x at 996-97).

But, "[w]here the deposition costs were incurred for the prevailing parties' convenience, such as to aid in thorough preparation or for the purposes of

6

investigation only, the costs are not recoverable." *Watson*, 492 F. App'x at 996 (citing *EEOC*, 213 F.3d at 620).

    2.  <u>Appearance Fees</u>

There is a split of authority whether appearance fees are taxable costs. *Feise v. N. Broward Hosp. Dist.*, No. 14-cv-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017); *see also Club Madonna, Inc. v. City of Mia.*, No. 16-25378-CIV, 2022 WL 16701244, at *3 (S.D. Fla. Oct. 12, 2022) (citing *see, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013)). For context,

> In 2008, § 1920 was amended from "fees of the court reporter for all or any part of the stenographic transcript" to fees "for printed or electronically recorded transcripts." *See Miles v. Jones*, No. 08-20612-CIV, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (citing Pub. L. 110-406, § 6; 122 Stat. 4292). As a result of the 2008 amendment, some courts have found that appearance fees are not taxable, as only fees for the transcript itself are recoverable. *See Miles,* 2011 WL 10565588 at *2; *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d at 1320. However, other courts have found that appearance fees are recoverable, despite the amendment to § 1920. *See Nelson*, 2014 WL 2195157 at *2; *Levy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *3 (S.D. Fla. Mar. 31, 2015).

*Feise*, 2017 WL 3315144, at *3. Still, "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Club Madonna,* 2022 WL 16701244, at *3 (citing *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014)).

3. Other Costs

A "Defendant should not be reimbursed for extraneous fees not permitted under Section 1920." *Embroidme.com, Inc.*, 2014 WL 5325211, at *4. These costs include "'... fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII,'" especially without explanation. *See id.* (citation omitted).

*C. Burden*

The movant has the initial burden on a motion for costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (holding that "the burden rests with [the movant] to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation"). "The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court." *Woods v. Progressive Am. Ins. Co.*, No. 19-cv-80517, 2024 WL 454401, at *2-3 (S.D. Fla. Feb. 6, 2024) (emphasis in original). A motion for costs can be denied when sufficient support is not provided. *Id.* at *3.

But, "[u]pon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable." *R.M. v. Miami-Dade Cnty.*, No. 20-cv-25270, 2022 WL 2669489, at *2 (S.D. Fla. June 20, 2022), *report and recommendation adopted*, 2022 WL 2666887 (S.D. Fla. July 11,

8

2022). "Because the parties have equal knowledge to the utility of transcripts, the party [ ] challeng[ing] the proposed costs bears the burden of showing that specific deposition costs ... [were] not necessary . . ." *Kaplan*, 2020 WL 9458649, at *2.

## III.    ANALYSIS

### A. *Prevailing Party*

The Remaining Defendants are the prevailing party. Judge Altman adopted and accepted my Report and Recommendation to dismiss the case against the Remaining Defendants with prejudice. ECF No. 182 at 14. That ruling affected a change in the legal relationship between the parties by dismissing Mr. Doherty's suit.

### B. *Recoverable Costs*

The Remaining Defendants moved for $4,708.47 in taxable costs related to one transcript for Mr. Doherty's deposition, which was used "to defend against Plaintiff's claims," and other costs. ECF No. 183 at 3. Mr. Doherty did not file a response and, therefore, does not dispute these costs. ECF No. 187 ("If Doherty doesn't timely respond, we'll find that he's unopposed to any award of costs."). Still, I have an independent duty to determine whether requested fees are recoverable and reasonable.

In the attached invoice, $2,152.95 was spent on the original transcript; $1,291.77 was spent to expedite the transcript in 5 days; $145.25 was spent for 1.5 "Non-Traditional Hours"; $20.00 was spent on a condensed transcript; $95.00 was spent on the first hour of appearance; an additional $95.00 per hour was spent on 9.5 additional hours of appearance (totaling $902.50); $45.00 was spent on the transcript

9

handling and processing; and $55.00 was spent on litigation, technology, support and security management. ECF No. 183-2 at 2.

First, the Remaining Defendants support their need for Mr. Doherty's transcript to defend the claims. ECF No. 183 at 3 (the transcript "was necessary for use in this case and to defend against Plaintiff's claims."). The deposition resulted in 463 pages[1] of testimony and included information that was used in the Remaining Defendants' Motion to Dismiss. *See* ECF No. 110-2; ECF No. 110 at 2-4. Thus, I find the $2,152.95 for the original transcript is a reasonable and recoverable cost.

Second, the Remaining Defendants seek 10.5 hours in appearance fees totaling $997.50. ECF No. 183-2 at 2. The court reporter's appearance is required to produce a transcript. *Price v. United Techs. Corp.*, No. 99-8152, 2000 U.S. Dist. LEXIS 21504, at *5 (S.D. Fla. Nov. 16, 2000). Thus, I find that the appearance fees are recoverable.

Third, the remaining fees are not recoverable. The Remaining Defendants provide no caselaw or argument to support a contrary finding.[2] *See Embroidme.com, Inc.*, 2014 WL 5325211, at *5 (holding that providing "no explanation regarding why these optional charges for digital copies and for shipping were necessary" is insufficient to support a cost award because certain costs were not shown to be "necessary rather than merely convenient").

---

[1] The Invoice uses the term "units" for the 463, which I infer to mean "pages." ECF No. 183-2 at 2.

[2] In fact, the Remaining Defendants do not address these fees beyond the itemized entries in the invoice. ECF No. 183-2 at 2.

The cost for expediting the transcript ($1,291.77) is not recoverable because the Remaining Defendants have not explained why an expedited transcript was necessary. *See Kemp v. Miami-Dade Cnty.*, No. 17-21783-CIV, 2018 WL 11476228, at *2 (S.D. Fla. Oct. 18, 2018) ("If an expedited transcript is necessary, then the prevailing party may recover the costs to expedite."), *report and recommendation adopted*, 2019 WL 13260546 (S.D. Fla. Jan. 4, 2019). As well, the costs for transcript handling and processing ($45.00); litigation technology, support and security management ($55.00); and for the condensed transcript ($20.00) are not recoverable. *Gulf Bldg., LLC v. Phila. Indem. Ins. Co.*, No. 22-CV-60573, 2023 WL 8438465, at *4 (S.D. Fla. Nov. 2, 2023) ("Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."), *report and recommendation adopted*, 2023 WL 8433693 (S.D. Fla. Dec. 4, 2023).

Finally, it is unclear to me what the "Non-Traditional Hours" cost totaling $146.25 is. ECF No. 183-2 at 2. It is the Remaining Defendant's burden to adequately support their Motion. They have not met their burden on this cost. As a result, I cannot determine whether any portion of this cost is reasonable, so I recommend denial of the "Non-Traditional Hours" cost.

Thus, the Remaining Defendants should be able to recover a total of $3,150.45 in taxable costs for the original transcript and appearance fees. *See* ECF No. 183-2 at 2. The remaining requested costs totaling $1,558.02 should not be awarded.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT in part and DENY in part the Motion.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy Altman, United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of April 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

12